# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CARDALE GOENS,
      Petitioner,

vs.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
      Respondent.

Civil Action No. 1:09-cv-650

Barrett, J.
Black, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1) and respondent's motion to dismiss. (Doc. 4).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On April 8, 2005, petitioner entered a negotiated plea of guilty to a reduced charge of murder with a firearm specification, tampering with evidence, and gross abuse of a corpse. (Doc. 4, Exhs. 2-3). Petitioner was sentenced to a prison term of fifteen years to life on the reduced charge of murder, a consecutive three-year prison term for the firearm specification, a consecutive two-year prison term for tampering with evidence, and a concurrent eleven-month prison term for gross abuse of a corpse, for a total of twenty years to life in prison. (Doc. 4, Exhs. 5, 42, Case No. CR04-03-0345).

### Direct Appeal

Petitioner, through counsel, filed a timely appeal to the Twelfth District Court of Appeals, Butler County, Ohio challenging the trial court's acceptance of petitioner's guilty plea

and imposition of consecutive sentences. (Doc. 4, Exhs. 6, 7).  The Ohio Court of Appeals

overruled petitioner's guilty plea challenge, but remanded for resentencing under *State v. Foster*,

109 Ohio St.3d 1, 845 N.E.2d 470 (2006). (Doc. 4, Exh. 10).  Petitioner filed a timely *pro se*

appeal to the Supreme Court of Ohio on the guilty plea challenge. (Doc. 4, Exhs. 11, 12).  On

December 13, 2006, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal

as not involving any substantial constitutional question. (Doc. 4, Exh. 14).

### Resentencing

Meanwhile, on October 4, 2006, petitioner was resentenced by the trial court to the same

sentence. (Doc. 4, Exh. 15, 43).  He filed a timely notice of appeal, and, on February 8, 2007,

counsel for petitioner filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating

that he was unable to find any grounds for appeal.[1] (Doc. 4, Exhs. 16, 17).  On April 23, 2007,

the Ohio Court of Appeals dismissed the appeal as wholly frivolous. (Doc. 4, Exh. 18).

Petitioner did not file a timely appeal to the Supreme Court of Ohio.

On February 19, 2008, petitioner filed a *pro se* notice of appeal and motion for leave to

file a delayed appeal in the Supreme Court of Ohio. (Doc. 4, Exhs. 19, 20).  On April 9, 2008,

the Supreme Court of Ohio denied leave to appeal and dismissed the case. (Doc. 4, Exh. 21).

### Post-Conviction Motion

While his direct appeal was pending, petitioner filed a *pro se* motion to withdraw his

guilty plea on May 24, 2006. (Doc. 4, Exh. 22).  On June 16, 2006, the trial court overruled

---

[1] Where counsel appointed for the direct appeal after conscientious examination believes the appeal to be without merit, *Anders* requires the attorney to so advise the court, ask permission to withdraw, and file a brief directing the appellate court's attention "to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744 (internal citations omitted).  The defendant must be notified and given the opportunity to raise any additional points. *Id*.

petitioner's motion. (Doc. 4, Exh. 24).

On November 17, 2006, petitioner filed a *pro se* notice of appeal in the Twelfth District Court of Appeals and a motion for leave to file an appeal as of right instanter stating that the clerk failed to serve him with a copy of the trial court's June 16, 2006 judgment. (Doc. 4, Exhs. 25, 26). The state appellate court granted the motion for leave to file, but subsequently overruled each of petitioner's assignments of error on June 11, 2007. (Doc. 4, Exhs. 27-29).

On July 26, 2007, petitioner filed a timely *pro se* notice of appeal in the Supreme Court of Ohio. (Doc. 4, Exh. 30). On October 24, 2007, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 4, Exh. 31).

### Delayed Application to Reopen Direct Appeal

Meanwhile, on October 24, 2007, petitioner filed a *pro se* delayed application for reopening under Ohio App. Rule 26(B) alleging the ineffective assistance of appellate counsel. (Doc. 4, Exh. 32). The Ohio Court of Appeals overruled the motion on December 4, 2007, finding petitioner failed to show good cause for the untimely filing of his application. (Doc. 4, Exh. 33). Petitioner did not file an appeal to the Supreme Court of Ohio.

### Federal Habeas Corpus

On August 18, 2009, petitioner filed a petition for a writ of habeas corpus. (Doc. 1).[2] The petition sets forth three grounds for relief:

---

[2] Under the prison "mailbox rule" set forth in *Houston v. Lack,* 487 U.S. 266, 270 (1988), the Court construes the petition as being filed on August 18, 2009, when petitioner certified he placed his petition in the prison mail system. (Doc. 1 at 14).

**GROUND ONE:** Due process violations as guilty pleas were involuntary: unintelligent & unknowingly entered.

**Supporting Facts:** State trial court accepted guilty plea to reduced charge [Aggravated Murder] of Murder without informing Petitioner of the nature of the offense contrary to clearly established federal law as determined by the United States Supreme Court in Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253 (1976).

**GROUND TWO**: Due process denial because of ineffective assistance, vindictive prosecution & judge participation in plea process.

**Supporting Facts**: State court deprived petitioner of his absolute right to procedural due process of law because his counsel was ineffective; there was vindictive prosecution & trial judge actively participated in guilty plea negotiations.

**GROUND THREE**: Petitioner's re-sentencing is violative of due process clause-14th Amendment, U.S. Constitution.

**Supporting Facts**: Petitioner's re-sentencing in State court is violative of due process clause via ex post facto clause, Separation of Powers Doctrine, and Double Jeopardy Clause of the 5th and 14th Amendments, U.S. Constitution.

(Doc. 1).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The timeliness of the petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's appeal after resentencing was denied by the Ohio Court of Appeals on April 23, 2007. (Doc. 4, Exh. 18). Under § 2244(d)(1)(A), petitioner's conviction became "final" on June 7, 2007, upon expiration of the 45-day period for filing an appeal with the Supreme Court of Ohio from the Ohio Court of Appeals' April 23, 2007 decision.[3] Therefore, the statute of limitations commenced running the following day on June 8, 2007. *See* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). However, as explained below, the statute was automatically tolled by petitioner's pending motion to withdraw guilty plea proceedings.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See*

---

[3] Under Ohio law, petitioner had 45 days to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.

*also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000). The statute of limitations was tolled under Section 2244(d)(2) due to the pendency of petitioner's motion to withdraw guilty plea proceedings which began on May 24, 2006 and concluded on October 24, 2007, when the Supreme Court of Ohio denied leave to appeal. (Doc. 4, Exh. 31).[4] Thus, the statute of limitations began running the next day on October 25, 2007, and expired one year later absent any additional tolling.

On February 19, 2008, petitioner filed a motion for delayed appeal in the Supreme Court of Ohio from the Ohio Court of Appeals' decision dismissing petitioner's appeal of his resentencing claims. (Doc. 4, Exh. 20). At this point, the statute of limitations had run for 117 days. Petitioner's motion for delayed appeal tolled the running of the statute until the Supreme Court of Ohio denied leave to appeal on April 9, 2008. (Doc. 4, Exh. 21). The statute resumed running the following day on April 10, 2008 and expired 248 days later on December 15, 2008.[5] Petitioner's habeas corpus petition was filed on August 18, 2009 and was therefore filed eight months too late.[6]

Although the statute of limitations may be equitably tolled in limited circumstances,

---

[4] The statute did not remain tolled for the additional 90 days in which petitioner could have appealed to the United States Supreme Court. *See Lawrence v. Florida,* 549 U.S. 327, 337 (2007). Prior to the Supreme Court's decision in *Lawrence,* the Sixth Circuit held that a petitioner's application for post-conviction relief in a state court remained "pending" for purposes of tolling the statute of limitations for the additional 90-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment. *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003), overruled by *Lawrence,* 549 U.S. 327. After *Lawrence,* however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari.

[5] Since the 248 days remaining in the statute of limitations expired on Sunday, December 14, 2008, petitioner had until the following business day, Monday, December 15, 2008, to file his habeas corpus petition. *See* Fed. R. Civ. P. 6.

[6] Petitioner's delayed application to reopen his direct appeal did not toll the running of the statute of limitations because it was not "properly filed" within the meaning of the tolling statute. "[A] state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert,* 128 S.Ct. 2, 3 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005)). Since petitioner's delayed application to reopen was denied by the state court as untimely, it was not "properly filed" under § 2244(d)(2) and cannot toll the one-year statute of limitations in this case. *Allen,* 128 S.Ct. at 4; *Pace,* 544 U.S. at 414.

*Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter.[7]  Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted).  Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)).  The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

---

[7]  Respondent asserts that the application of the statutory construction rules espoused in *Boumediene v. Bush*, 128 S.Ct. 2229 (2008), reflects the Congressional intention that equitable tolling is inapplicable to habeas corpus cases under § 2244. (Doc. 4 at 12-24).  The Supreme Court in *Boumediene* held that the provision of the Military Commissions Act which denied federal court jurisdiction over the habeas corpus petitions of Guantanamo Bay  detainees pending at the time of enactment amounted to an unconstitutional suspension of the writ of habeas corpus.  However, the *Boumediene* Court never addressed the question of equitable tolling and the Sixth Circuit has reaffirmed application of equitable tolling in habeas corpus cases subsequent to *Boumediene*.  *See Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).  *See also Thomas v. Romanowski*, No. 08-1422, 2010 WL 272534 (6th Cir. Jan. 21, 2010).  The undersigned is bound by the controlling Sixth Circuit precedent in the absence of any Supreme Court decision clearly overruling such precedent.  Therefore, the Court declines to hold that equitable tolling is inapplicable to habeas corpus cases.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. *See, e.g., Craig v. White*, 227 Fed. Appx. 480 (6th Cir. 2007); *Harvey v. Jones*, 179 Fed. Appx. 294 (6th Cir. 2006). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). *See also Sherwood*, 579 F.3d at 588. These five factors are neither comprehensive nor relevant in all cases. *Sherwood*, 579 F.3d at 588. The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005) (assuming the applicability of the actual-innocence equitable-tolling rule to a non-capital case, petitioner must demonstrate by presentation of new reliable evidence that he did not commit the

acts for which he was convicted).

Equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 4) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[8]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## IT IS SO RECOMMENDED.

Date:  4/13/2010                                         s/Timothy S. Black
                                                                      Timothy S. Black
                                                                      United States Magistrate Judge

---

[8] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

CARDALE GOENS,                                   Civil Action No. 1:09-cv-650
          Petitioner,

                                                 Barrett, J.
          vs.                                    Black, M.J.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
          Respondent.

**NOTICE**

          Attached hereto is a Report and Recommendation issued by the Honorable Timothy S.

Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under

28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation

**within 14 DAYS** of the filing date of this R&R.  Such party shall file with the Clerk of Court

and serve on all other parties written objections to the Report and Recommendation, specifically

identifying the portion(s) of the proposed findings, recommendations, or report objected to,

together with a memorandum of law setting forth the basis for such objection(s)   Any response

by an opposing party to the written objections shall be filed **within 14  DAYS** after the opposing

party has been served with the objections.  A party's failure to make objections in accordance

with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas*

*v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).