UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cardale Goens,

    Petitioner,

        v.                                    Case No. 1:09cv650

Warden, Lebanon Correctional          Judge Michael R. Barrett
Institution,

    Respondent.

**ORDER**

This matter is before the Court on the Report and Recommendation filed by the Magistrate Judge on April 14, 2010 (Doc. 5). The Magistrate Judge recommends that Respondent's motion to dismiss (Doc. 4) be GRANTED and Petitioner's petition for habeas relief (Doc. 1) be DENIED. Petitioner did not file a response in opposition to the motion to dismiss.

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Petitioner, after requesting a brief extension, filed timely objections (Doc. 11) to the Report and Recommendation.

I. Background and Facts

The procedural background and facts of this case are sufficiently set forth in the Report and Recommendation and are derived from the state court record. These facts are presumed correct under 28 U.S.C. §2254(e)(1) and will not be restated here.

II.     Legal Analysis and Opinion

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

Here, Petitioner objects to the Magistrate Judge's determination that Petitioner's writ is barred by the one year statute of limitations. Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period

is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. The Report and Recommendation properly analyzed the application of this statute and properly concluded that the statute of limitations ran on December 15, 2008. The Petition in this case was not filed until August 18, 2009.

Petitioner specifically objects to this finding and argues that he should be entitled to equitable tolling relying heavily on the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). He argues that he did not know about the one year statute of limitations because the "inmate law clerk" who was assisting him did not tell him about it. In addition, Petitioner relies on *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) to support his argument that he should be allowed "gateway passage" to the Court. However, Petitioner's reliance on *Souter* is misplaced. Petitioner argues that because his guilty plea was "involuntary, unknowing and unintelligent" that his plea is invalid and thus creates a "complete miscarriage of justice" entitling him to this "gateway passage." (See Doc. 11). *Souter,* although applicable to this case as set forth below, does not support Petitioner's interpretation of its holding.

*Souter* involved claims of actual innocence. Petitioner does not allege that he is innocent nor has he provided any evidence to support such an argument. Without a showing of actual innocence, the Court must look at the five factors set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S. Ct. 649 (2001), to determine whether equitable tolling is appropriate. These factors are (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of

prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id*. at 1008. The Report and Recommendation finds that Petitioner has not made an attempt to apply these factors to his case and that there is no evidence in the record to suggest that petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitioners or that he has been diligent in pursuing his rights. (Doc. 5, p 9). Petitioner objects and argues that the record shows his diligence and that he was unaware of the filing deadline.

A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Martin v. Hurley*, 150 Fed. Appx. 513, 515 (6th Cir. Ohio 2005) *citing Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). It is the law of this Circuit that one's "lack of knowledge of the filing deadline is an unpersuasive fact in determining whether to allow equitable tolling." *Id.* at 516*; see also Allen v. Yukins*, 366 F.3d 396, 403 (2004). The Sixth Circuit has even held that an attorney's lack of knowledge is not sufficient to entitle a petitioner to equitable tolling. See *Allen, supra; Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003). Thus, Petitioner's argument that he was not aware of the deadline is unpersuasive.

In addition, Petitioner does not explain why it took him so long to file his habeas petitioner or why it was reasonable that he remained ignorant of the statute of limitations until some eight months after the deadline past. Finally, Petitioner does not provide any evidence or argument to support the proposition that the no manifest prejudice to Respondent will result other than merely so stating. Therefore, even if this Court were to find that Petitioner had diligently pursued his claims, that alone is not sufficient to entitled Petitioner to equitable tolling.

III. Conclusion

Having reviewed this matter de novo pursuant to 28 U.S.C. 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well reasoned, and correct. Thus, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (Doc. 5), GRANTS the Respondent's motion to dismiss (Doc. 4) and DENIES the Petition for Writ of Habeas Corpus (Doc. 1).  Further, the Court FINDS that a certificate of appealability will not be issued under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000) because the first prong of *Slack* can not be met.  Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis. Fed. R. App. P. 24(a), *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
UNITED STATES DISTRICT JUDGE